UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAYMONT FRANCHISE SYSTEMS, INC.,

*Plaintiff*,

v.

THE BERNSTEIN COMPANY, LLC, ET AL,

*Defendants*.

Civil Action No. 18-620

**ORDER**

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff Baymont Franchise Systems, Inc's ("Baymont") unopposed Motion for Default Judgment as to Defendant the Bernstein Company, LLC (the "Bernstein Company"), D.E. 22; and it

**APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Frazzano*, No. 15-2316, 2016 WL 2892551, at *1 (D.N.J. May 12, 2016); and it further

**APPEARING** that in evaluating whether to enter default judgment pursuant to Fed. R. Civ. P. 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action,[1] and (4) the plaintiff has proven damages. *Days*

---

[1] In this context, courts use the Fed. R. Civ. P. 12(b)6) motion to dismiss standard to determine whether there is a legitimate cause of action. *See Mineo v. McEachern*, No. 12-1950, 2014 WL 2197032, at *2-4 (D.N.J. May 27, 2014) (denying motion for default judgment and vacating Clerk's

1

*Inn Worldwide, Inc. v. Tulsipooja Hosp., LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that the Court must accept all well-pleaded facts in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). If damages are not mathematically computable or liquidated, a plaintiff must prove the damages sought. A court has discretion to hold a hearing to establish the plaintiff's damages or to rely on documentary evidence. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Sci. Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (4th ed. 2018) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016)

---

entry of default because plaintiff failed to pled a sufficient federal RICO claim pursuant to Rule 12(b)(6)); *Budge v. Arrianna Holding Co., LLC*, No. 13-56, 2014 WL 1705830, at *5 (D.N.J. Apr. 29, 2014) ("A court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard.").

2

(denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); and it further

**APPEARING** that this matter involves multiple defendants. Default judgment has only been requested as to the Bernstein Company, and the remaining defendant, David B. Bernstein, appears to be actively litigating this case. *See, e.g.*, D.E. 16 (David B. Bernstein's pending motion to dismiss). Moreover, it appears that David B. Bernstein is a member of the Bernstein Company, and that Bernstein personally guaranteed the Bernstein Company's obligation under the contract at issue in this matter. Compl. ¶¶ 3, 25-27. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments. Plaintiff should wait and re-file its motion for default judgment after this matter is resolved on the merits; therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 8th day of November, 2018, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment as to the Bernstein Company, LLC, D.E. 22, is **DENIED** without prejudice.

John Michael Vazquez, U.S.D.J.