Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> THE BERNSTEIN COMPANY, LLC, *et al*, <br><br> *Defendants.* | Civil Action No. 18-620 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently before the Court is a motion to dismiss filed by Defendant David B. Bernstein ("Bernstein" or "Defendant"). Bernstein seeks dismissal of the complaint as to himself for insufficient service of process. D.E. 16. Plaintiff filed a brief in opposition to which Defendant replied.[1] D.E. 17, 19. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Baymont Franchise Systems, Inc. ("Baymont" or "Plaintiff"), filed a Complaint against Bernstein and the Bernstein Company, LLC (individually "TBC" and collectively "Defendants") asserting breach of a franchise agreement. Compl., D.E. 1. After filing the

---

[1] Bernstein's brief in support of his motion to dismiss (D.E. 16) will be referred to as "Def. Br."; Plaintiffs' Memorandum in Opposition (D.E. 17) will be referred to as "Plf. Opp."; and Bernstein's Reply Brief in support of his motion (D.E. 19) will be referred to as "Reply Br."

Complaint on January 16, 2018, Plaintiff forwarded the summons and complaint by letter dated January 17, 2018 to Recon Management Group, LLC ("Recon") to effectuate personal service upon Defendants. Plf. Opp. at 1.

Recon assumed responsibility for the file on January 22, 2018 and conducted preliminary research to determine Defendant's current address in New Orleans, Louisiana. Affidavit of Diligent Efforts as to David B. Bernstein ("Diligent Efforts Aff.") ¶¶ 2-3, D.E. 9. As a result, Recon forwarded the summons and complaint to a Louisiana process server who initially informed Recon that the Defendant was believed deceased. Upon further research, Recon determined that the deceased was a relative of Bernstein. Recon, however, identified a new address that was allegedly connected to Defendant. *Id.* ¶¶ 3-12. The Louisiana process server made multiple, unsuccessful attempts to personally serve Bernstein at both of the addresses believed to be associated with Defendant between March 1, 2018 to March 27, 2018. *Id.* ¶¶ 7-10.

The Louisiana process serve was able to serve TBC on March 26, 2018. *Id.* ¶ 20. Bernstein is a member of TBC. Compl. ¶ 3.

On March 29, 2018, Recon obtained a third address and a mobile phone number from Plaintiff and provided the Louisiana process server with the updated information. Diligent Efforts Aff. ¶¶ 14-15. The Louisiana server attempted to serve Bernstein at this address on March 31 and April 2. The process server was unable to locate any person at this new address but left a voicemail on the provided mobile phone number during both attempts. *Id.* ¶¶ 16-17. On April 2, 2018, Bernstein returned the process server's call. The process server alleges that Bernstein immediately ended the call after the process server explained who he was and that he had a delivery for Bernstein. *Id.* ¶ 18. Bernstein disputes that he hung up to avoid service, and instead explained that the server was difficult on the phone and believing the conversation was over, he ended the

phone call. Affidavit of David B. Bernstein ¶ 2, D.E. 19. Ultimately, Recon notified Plaintiff on April 2, 2018 that it had not been able to serve Bernstein personally. Diligent Efforts Aff. ¶¶ 19-20.

On April 13, 2018, Plaintiff's counsel mailed a copy of the summons and complaint to Bernstein via regular and certified mail. Affidavit of Effectuated Service as to Defendant David B. Bernstein ("Bernstein Service Aff.") ¶¶ 3-5, D.E. 9. Plaintiff's counsel represents that neither the certified mail receipt, nor the regular mailing were returned. Plf. Opp. at 2 n.2. Therefore, Plaintiff filed the Affidavit of Effectuated Service on April 17, 2018. *See* Bernstein Service Aff.

Bernstein filed the instant motion to dismiss on June 13, 2018 arguing that Plaintiff failed to properly effect service of process on him under the Federal Rules of Civil Procedure and the Louisiana Code of Civil Procedure. D.E. 16.

## II. ANALYSIS

Federal Rule of Civil Procedure 4 requires that a plaintiff serve each defendant in the matter with a summons and copy of the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not served within 90 days after filing the complaint, the court must dismiss the action without prejudice or order that service be made by a specified time. Fed. R. Civ. P. 4(m). Rule 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party effecting service has the burden of establishing that service was sufficient. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Courts, however, have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013). When the party serving process has acted in good faith but fails to effect sufficient service of process "courts are reluctant to dismiss an action." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6

(D.N.J. Apr.17, 2013). Moreover, if the defendant has been afforded due process, technical violations of rules concerning service of process are generally not sufficient to defeat the court's jurisdiction. *See O'Connor v. Altus*, 67 N.J. 106, 127-28 (1975).

At the outset, Defendant maintains that service was insufficient as it did not comport with either the Federal Rules of Civil Procedure or Louisiana law. Def. Br. at 2-3. Plaintiff contends that substituted service by mail was proper under New Jersey law, and therefore, it satisfied the requirements of Rule 4(e). Plf. Opp. at 2. Rule 4(e) provides four methods for effecting service in a district court: (1) personal service upon the individual; (2) leaving a copy at the individual's dwelling or place of abode with someone of a suitable age who resides there; (3) delivering the summons and complaint to the party's legal agent; or (4) serving the defendant in accordance with the state laws where the district court sits or where service is made. Fed. R. Civ. P. 4(e). Accordingly, Plaintiff may serve Bernstein pursuant to the Federal Rules of Civil Procedure, Louisiana law or New Jersey law. Fed. R. Civ. P. 4(e)(1).

New Jersey Court Rule 4:4-4(b) "prescrib[es] the modes of service by which personal jurisdiction may be obtained over a person not present in New Jersey." *U.S. Bank Nat'l Ass'n v. Curcio*, 444 N.J. Super. 94, 108 (App. Div. 2016) (quoting Pressler & Verniero, *N.J. Court Rules*, cmt. 3 on *R.* 4-4 (2018)). To that end, Rule 4:4-4(b) states that

> [i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then consistent with due process of law, in personam jurisdiction may be obtained over any defendant [by] . . . mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . the individual's dwelling house or usual place of abode.

N.J. Ct. R. 4:4-4(b)(1)(C). New Jersey Court Rule 4:4-5(b) requires the plaintiff to submit an affidavit stating that despite diligent inquiry and effort, the defendant cannot be personally served

in New Jersey. N.J. Ct. R. 4:4-5(b); *see also Sobel v. Long Island Entm't Prods., Inc.*, 329 N.J. Super. 285, 291 (App. Div. 2000). Here, Plaintiff provided the Court with an affidavit of diligence explaining that Plaintiff's process server attempted to serve Bernstein in Louisiana on multiple occasions. *See* Bernstein Service Aff. Ex. A. Accordingly, service by mail was permitted under the New Jersey court rules. *U.S. Bank Nat'l Ass'n*, 444 N.J. Super. at 108-09. Moreover, Plaintiff complied with New Jersey Court Rule 4:4-b(1)(C) by mailing a copy of the summons and complaint by certified and regular mail. *See* Bernstein Service Aff. ¶ 5. As a result, the Court concludes that Plaintiff properly effected service upon Bernstein pursuant to New Jersey law. *See, e.g.*, *Camara v. Stevens Transport*, No. 14-2042, 2016 WL 8698532, at *5 (D.N.J. Jan. 8, 2016) (concluding that out-of-state corporation was properly served by mail pursuant to New Jersey law after multiple failed attempts to personally serve).

Bernstein contends that he has not been served because he never received documents via certified mail. *See* Def. Br. at 1. Bernstein, however, does not appear to maintain that he has not received a copy of the summons and complaint via regular mail. Moreover, Plaintiff states that neither the certified mail receipt, nor the regular mailing were returned. Plf. Opp. at 2 n.2. In addition, Bernstein appears to argue that Plaintiff's failure to provide him with proof of service demonstrates that he was not actually served. Def. Br. at 3. However, "[f]ailure to make proof of service does not affect the validity of service." N.J. Ct. R. 4:4-7; *see also* Fed. R. Civ. P. 4(l)(3).

Critical to the Court's conclusion that Bernstein was served is the fact that Bernstein is clearly aware of this matter. Bernstein a member of TBC, who was properly served. Moreover, Bernstein requested permission to personally represent the company in this matter. D.E. 12. Finally, Bernstein does not deny speaking with the process server that was attempting to personally serve him. Def. Reply at 3-4. "Where, as here, there is actual notice, every technical violation of

5

the rule or failure of strict compliance may not invalidate the service of process." *Camara*, 2016 WL 8698532, at *6 (quoting *Coulter v. U.S. Dep't of Homeland Sec.*, No. 07-4894, 2008 WL 4416454, at *4 (D.N.J. Sept. 24, 2008)).

Accordingly, for the reasons set forth above and for good cause shown

IT IS on this 1st day of April, 2019

**ORDERED** that Defendant David B. Bernstein's motion to dismiss (D.E. 16) is **DENIED**.

John Michael Vazquez, U.S.D.J.