UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **BAYMONT FRANCHISE SYSTEMS, INC.,**<br><br>　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**THE BERNSTEIN COMPANY, LLC, et al.,**<br><br>　　　　**Defendants.** | **Civil Action No. 18-620 (JMV)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

THIS MATER comes before the Court on two motions filed by *pro se* Defendant David B. Bernstein ("Bernstein"): (1) a motion for reconsideration of the Letter Order dated December 13, 2019 [ECF No. 44] denying Bernstein's motion to substitute Bernstein for Defendant The Bernstein Company, LLC ("the Company") in this action and denying Bernstein's motion for leave to file a Second Amended Answer and Counterclaim [ECF No. 46], which is unopposed, and (2) a motion for leave to file a Fourth Amended Answer, Affirmative Defenses, Counter-Claim, and Third Party Complaint [ECF No. 50], which is opposed by Plaintiff Baymont Franchise Systems, Inc. ("Baymont" or "Plaintiff") [ECF No. 51]. For the reasons set forth below, Bernstein's motion for reconsideration [ECF No. 46] is **DENIED** and Bernstein's motion for leave to amend [ECF No. 50] is **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed its Complaint in this matter on January 16, 2018 asserting claims against Bernstein and the Company arising from an alleged breach of a franchise agreement. *See* ECF No. 1. According to the Complaint, Bernstein and the Steven Willer Bernstein Trust (the "Trust") are the

only two members of the Company and Bernstein is the only member of the Trust. No counsel has appeared on behalf of the Company nor has any response to Plaintiff's Complaint by the Company been filed with the Court. On July 6, 2018, Plaintiff requested the entry of default against the Company and default was entered against the Company on July 9, 2018. On April 29, 2019, Bernstein filed an Answer and asserted counterclaims against Plaintiff. *See* ECF No. 28.

Bernstein, an "attorney on inactive status," previously requested permission to represent the Company in this matter claiming that he is unable to afford the cost of retaining an attorney to represent the Company's interests. *See* ECF No. 12. Bernstein's request to represent the Company was denied on May 2, 2019. *See* ECF No. 27. On May 7, 2019, the Court received Bernstein's motion to substitute himself for the Company in this action. *See* ECF No. 29. On May 16, 2019, Bernstein submitted an Amended Answer and Counterclaim. *See* ECF No. 31. On July 8, 2019, Bernstein, proceeding *pro se* on his own behalf and now purportedly representing the interests of the Company as the "substituted defendant" for the Company, filed the motion seeking leave to file a Second Amended Answer and Counterclaim. *See* ECF No. 38. The Court denied both Bernstein's motion to substitute and motion for leave to file a Second Amended Answer and Counterclaim on December 13, 2019. *See* ECF No. 44.

On December 27, 2019, the Court received Bernstein's present motion for reconsideration of the Court's Letter Order dated December 13, 2019. *See* ECF No. 46. On January 13, 2020, the Court received Bernstein's supplemental letter brief relating to his present motion for reconsideration. *See* ECF No. 49. On February 7, 2020, the Court received Bernstein's motion for leave to file a Fourth Amended Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint. *See* ECF No. 50.[1]

---

[1] Bernstein previously filed a motion for leave to file Third Amended Answer, Affirmative Defenses, Counterclaim

## II. DISCUSSION

### A. Motion for Reconsideration [ECF No. 46]

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362, 2010 WL 5392688, at *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted rarely. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (citation omitted).

The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compactions Sys. Corp.*, 88

---

and Third-Party Complaint on January 13, 2020 [ECF No. 48]; however, as noted in his letter requesting leave to file a Fourth Amended Answer, Bernstein withdrew his motion for leave to File Third Amended Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint. *See* ECF No. 50 at p. 1. Thus, Bernstein's motion for leave to file a third amended pleading [ECF No. 48] is moot.

F. Supp. 2d 339, 345 (D.N.J. 1999). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation and quotations omitted). A basic difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

Bernstein's motion to substitute involved Bernstein, purporting to have transferred the Company's "interest" in the above captioned lawsuit to himself, seeking to substitute himself for the Company in this matter pursuant to Federal Rule of Civil Procedure 25(c). Under Rule 25(c), "if an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). However, "[w]hen there is uncertainty regarding the nature and extent of the alleged transfers of interest from a named party to a third party," a court may exercise its discretion to decline the requested substitution. *Eastman Chem. Co. v. Alphapet Inc.*, No. 09-971, 2011 WL 13054223, at *4 (D. Del. Dec. 9, 2011) (citing *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 776786, at *2 (D.N.J. Mar. 9, 2007)).

In support of his motion to substitute, Bernstein claimed that on April 30, 2019, the Company "transferred its interest to the right and cause of action" in this matter to Bernstein and he argues that permitting him "to plead those defenses and counterclaims raised heretofore on behalf of all [Defendants] . . . would greatly facilitate the conduct of this litigation." ECF No. 29 at p. 4. Attached

4

to Bernstein's motion is a copy of the document, which memorializes the purported transfer of interest (the "Transfer Agreement"). *See* ECF No. 29-1.

The Court exercised its discretion in denying Bernstein's motion to substitute finding "that [the] transfer of interest from the Company to Bernstein leaves the Court with many questions, including exactly what rights and obligations were transferred, whether Bernstein is authorized to approve such a transfer on behalf of the Company, and whether such a transfer would be proper." Additionally, the Court noted that "it was clear to the Court that Bernstein's request to substitute himself for the Company represents an attempt to circumvent the prohibition against corporate entities proceeding *pro se.*"

In his present motion, Bernstein first urges the Court to reconsider its denial of the motion to substitute based upon a supplemental document, which Bernstein claims clarifies the rights and obligations transferred to Bernstein and shows such transfer to be proper. *See* ECF No. 46 at p. 2. Attached as an exhibit to Bernstein's motion for reconsideration is a copy of the supplemental document, which purports to explain the rights and obligations transferred and show that Bernstein is authorized to approve such transfer (the "Supplemental Transfer Agreement"), along with Louisiana and Georgia Secretary of State filings. *See* ECF No. 46, Exhibit A. The Supplemental Transfer Agreement is signed by Bernstein both as the transferor and transferee, and dated December 20, 2019. *See id.*

As an initial matter, Bernstein fails to address the standards for reconsideration and whether this Supplemental Transfer Agreement constitutes "new evidence" warranting reconsideration of the Court's order denying Bernstein's motion to substitute. In this Court's estimation, however, the Supplemental Transfer Agreement cannot be considered "new evidence" to warrant reconsideration. "For purposes of reconsideration, new evidence is not evidence that a party submits or obtains after

an adverse ruling, but rather new evidence constitutes evidence that a party could not submit to the court because it was not previously available." *Lopez v. Corr. Med. Servs.*, No. 04-2155, 2010 WL 3881212, at *2 (D.N.J. Sept. 27, 2010).

While the Court notes that technically the Supplemental Transfer Agreement was not "previously available" because it was executed only one week after the Court's order on Bernstein's motion to substitute, nothing suggests that the information contained in this document, such as the Louisiana and Georgia Secretary of State filings, was previously unavailable to Bernstein. Consequently, Bernstein's claim that the Supplemental Transfer Agreement resolves any ambiguity regarding the Transfer Agreement does not meet the standard of review for a motion for reconsideration.

With respect to the new arguments Bernstein makes regarding his motion to substitute, including that default judgments are typically disfavored and that he is the "real party in interest" under Fed. R. Civ. P. 17, the Court notes that "a motion for reconsideration is not the appropriate venue to raise new arguments not previously presented before the Court." *Lopez*, 2010 WL 3881212, at *3 (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 613 (D.N.J.2001)). Because Bernstein never raised the aforementioned arguments in his moving papers for the motion to substitute, the Court cannot consider them for this motion. Any and all remaining arguments advanced in the motion for reconsideration are simply a re-argument of Bernstein's motion to substitute.

Finally, to the extent Bernstein's request for reconsideration concerns his motion for leave to file a Second Amended Answer and Counterclaim, that request is moot considering Bernstein's subsequent motion for leave to file a Fourth Amended Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint. In light of the foregoing, Bernstein's motion for reconsideration of the Letter Order dated December 13, 2019 is **DENIED**.

6

**B.  Motion for Leave to File Fourth Amended Answer [ECF No. 50]**

In Bernstein's present motion for leave to file an amended complaint, Bernstein seeks leave to amend to add allegations to his pleadings concerning the Plaintiff restricting access to the Company's reservation system, to add claims under New Jersey Unfair Trade Practices Act, N.J.S.A. § 56:8-2 for statutory damages, and to assert claims against Wyndham Hotels & Resorts through a third-party complaint. *See* ECF No. 50.

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)).

In situations such as the present, where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed). "Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.'" *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citation omitted).

In this matter, the Pretrial Scheduling Order set forth a deadline for moving to amend pleadings or add new parties of October 11, 2019. ECF No. 37, ¶¶ 15-16. The initial completion date for fact discovery was December 31, 2019 [ECF No. 37, ¶ 2]; however, that date has since been extended to March 31, 2020 [ECF No. 47].

Neither Bernstein nor Plaintiff address the applicability of Rule 16 in their submissions; however, this Court believes that Bernstein has shown sufficient good cause for seeking to amend after the deadline set forth in the Pretrial Scheduling Order. "The Court has great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007). Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D.Pa. Aug.8, 2007); *see also* Fed. R. Civ. P. 16(b), Advisory Committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings*, 2009 WL 2905471, at *16 (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of* Newark, No. 10-1405,

8

2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). However, under some circumstances, good cause may be satisfied if the movant shows that its delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Phillips*, 2006 WL 3069475, at *6 (citations and quotations omitted).

Here, Bernstein contends that he only learned the specific facts surrounding the Company's reservation system after receiving the answers to interrogatories from Plaintiff's counsel on January 28, 2020. ECF No. 50 at p. 1. Plaintiff counters that Bernstein knew of the substantive information forming the basis for his fourth amended pleading since October 2019; however, Plaintiff notes that it did provide supplemental responses with more specific information. *See* ECF No. 51 at p. 1. Considering that Bernstein only learned of the specific facts surrounding the restrictions on the Company's reservation system after receiving the answers to interrogatories on January 28, 2020, the Court is satisfied that Bernstein exercised reasonable diligence and demonstrates good cause for the amendment to the Answer and Counter-Claims.

With respect to the Third-Party Complaint, the Court notes that in its Letter Order dated December 13, 2019 [ECF No. 44], the Court denied Bernstein's previous request for leave to amend without prejudice, directing that Bernstein would need to file a Third-Party Complaint to assert claims against Wyndham Hotels & Resorts. Bernstein now seeks to correct his previous procedural deficiency and file a Third-Party Complaint against Wyndham Hotels & Resorts. Considering that Bernstein's previous attempt to assert claims against Wyndham Hotels & Resorts was filed before the expiration of the date to amend pleadings set forth in the Pretrial Scheduling Order and Bernstein's status as a

*pro se* litigant, the Court is satisfied that the good cause standard has been met in this case to allow the Third-Party Complaint against Wyndham Hotels & Resorts.

The Court now turns to Rule 15. Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharm. Inc. v. Mylan Techs. Inc.*, No. 11–220, 2013 WL 936452, at *2 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Plaintiff does not assert that Bernstein's motion results from any bad faith, but argues that Plaintiff will suffer prejudice if the motion is granted. ECF No. 51 at p. 1. "Prejudice," for purposes of determining whether to allow the proposed amendments, involves serious impairment of the non-movant's ability to present its case. *Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993). Incidental prejudice to the non-moving party is not a sufficient basis for denial of an amendment. Prejudice becomes "undue" only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered.

*Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981); *see also DiLoreto v. Borough of Oaklyn*, 744 F. Supp. 610, 615 (D.N.J. 1990). Prejudice can also be caused in a number of different circumstances, such as when the amended pleading will "(1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Textron Fin.-New Jersey, Inc. v. Herring Land Grp., LLC*, No. 06-2585, 2009 WL 690933, at *4 (D.N.J. Mar. 11, 2009) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). Similarly, prejudice may result when the amendment would force a party to change their litigation tactics or case theory. *Stallings*, 2009 WL 2905471, at *17 (citing *Kiser v. Gen. Elec. Corp.,* 831 F.2d 423, 428 (3d Cir. 1987)).

Plaintiff contends that it will be prejudiced by Bernstein's filing of a Fourth Amended Answer, Counterclaims, and Third-Party Complaint because significant discovery has been completed in this matter. ECF No. 51 at p. 1. While the need to conduct additional discovery can burden the non-moving party, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Here, it is in the Court's estimation that Bernstein's amendments will not require any extensive discovery or lengthy extensions of the discovery period. Accordingly, because Bernstein's proposed amendments will not require extensive additional discovery or significantly delay the resolution of this matter, the Court finds that Plaintiff has failed to demonstrate any undue prejudice.

Finally, Plaintiff challenges Bernstein's proposed amendments on "futility" grounds. A proposed amendment is considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). Plaintiff argues that Bernstein's proposed amendments to include claims

under the New Jersey Unfair Trade Practices Act, N.J.S.A. § 56:8-2 is inapplicable to the franchise context so Bernstein cannot properly assert a claim under it. ECF No. 51 at pp. 1-2. While Plaintiff may be correct in its assertions regarding the viability of Bernstein's proposed claims, it appears to the Court that a ruling on Plaintiff's futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Bernstein's proposed amendments are clearly futile.

Based upon the foregoing, Bernstein's request for leave to amend his Answer, Counter-Claims, and Third-Party Complaint [Dkt. No. 50] is **GRANTED**.[2]

## III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **17th** day of **June, 2020**,

**ORDERED** that Bernstein's motion for reconsideration [ECF No. 46] is **<u>DENIED</u>**; and is further

**ORDERED** that Bernstein's motion for leave to file Third Amended Answer, Affirmative Defenses, Counter-Claim and Third Party Complaint [ECF No. 48] is **<u>ADMINISTRATIVELY TERMINATED</u>** as moot; and is further

**ORDERED** that Bernstein's motion for leave to file Fourth Amended Answer, Affirmative Defenses, Counter-Claim and Third Party Complaint [ECF No. 50] is **<u>GRANTED</u>**; and it is further

---

[2] While the Court grants Bernstein's present motion to amend, the Court notes that this is Plaintiff's fourth time seeking leave to amend and motions to amend may be denied based on a repeated failure to cure deficiencies through multiple prior amendments. Should Bernstein wish to move for further amendments, he shall set forth the reasons why any additional proposed amendments were not included in previous versions of his pleading.

**ORDERED** that Bernstein shall file and serve his Amended Answer within **fourteen (14) days** from the date of this Order.

           ___ s/ James B. Clark, III
           **JAMES B. CLARK, III**
           **United States Magistrate Judge**