NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., | : : : | **Civil Action No. 18-620-JMV-AME** |
| Plaintiff, | : : | |
| v. | : : | **OPINION & ORDER** |
| THE BERNSTEIN COMPANY, LLC and DAVID B. BERNSTEIN, | : : : : | |
| Defendants. | : : | |

**ESPINOSA**, Magistrate Judge

This matter is before the Court on the motion by Defendants David B. Bernstein ("Bernstein") and The Bernstein Company ("TBC") (collectively, "Defendants") for reconsideration of the Court's July 13, 2021 Order, which denied Defendants' motion for leave to file a Fifth Amended Answer, Counterclaim and Third Party Complaint (the "July 2021 Order"). Plaintiff Baymont Franchise Systems, Inc. ("Plaintiff") opposes the motion. The Court has considered the written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons that follow, the motion is denied.

## I.   LEGAL STANDARD

To prevail on a motion for reconsideration, the moving party must identify dispositive factual matters or controlling decisions of law overlooked by the court in reaching its decision. L. Civ. R. 7.1(i); *Bryan v. Shah*, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F.Supp.2d 610, 612 (D.N.J. 2001). The Third Circuit has held that a court may not grant a motion for reconsideration unless the moving party shows at

least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Banda v. Burlington County*, 263 F. App'x 182, 183 (3d Cir. 2008) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). This heavy burden cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Nor does a party's mere disagreement with the court's ruling warrant reconsideration. *Boretsky v. New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011); *Yurecko v. Port Auth. Trans. Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003). Indeed, the Third Circuit has emphasized that a motion for reconsideration is "extremely limited" in scope and cautioned that it should "not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Courts in this district consistently view reconsideration as an "extraordinary" remedy, to be granted "sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citing *Interfaith Cmty. Org v. Honeywell Int'l. Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Bowers*, 130 F. Supp. 2d at 613; *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

## II.   DISCUSSION

In the underlying motion, Defendants sought leave, pursuant to Federal Rule of Civil Procedure 15(a), to amend their responsive pleading to assert various counterclaims against Plaintiff and to assert the same claims against a prospective third-party defendant.[1] The Court

---

[1] The claims, their supporting factual allegations, and the proposed amended pleading are discussed at length in the July 2021 Order and need not be repeated here.

denied the motion in its entirety, finding the proposed claims would not surmount a challenge under Federal Rule of Civil Procedure 12(b)(6) and therefore concluding amendment would be futile. As to Defendants' proposed breach of contract claim, the Court further found that leave to amend was not warranted on the additional basis of undue delay.[2]

This motion concerns the Court's ruling as to only two of Defendants' proposed claims: breach of contract and breach of the covenant of good faith and fair dealing. Defendants argue they are entitled to reconsideration for three reasons. First, Defendants contend the Court committed manifest error in denying leave to amend on grounds of undue delay, in light of Defendants' repeated efforts to plead affirmative counterclaims and third-party claims. Second, Defendants maintain that new evidence obtained in depositions provides adequate support for their claims and warrants a different disposition of the motion to amend. Third, Defendants invoke the law of the case doctrine and take the position that the July 2021 Order ruled contrary to an earlier order issued by the magistrate judge to whom this case was previously assigned. None of the grounds Defendants raise warrant reconsideration of the July 2021 Order.

Defendants' first argument admits a flawed understanding of the Court's decision. The Court primarily concluded that amending the pleading to assert claims for breach of contract and breach of the implied covenant of good faith would be futile, after conducting a thorough examination of the factual allegations set forth in support of the claims. While Defendants' underlying motion and proposed pleading failed to identify which provisions of the Franchise Agreement Plaintiff allegedly breached, the Court nevertheless undertook its own searching review of the contract at issue and could not discern a sufficiently pled claim. The Court further

---

[2] It also noted that Defendant Bernstein had repeatedly sought to assert the claim, albeit unsuccessfully, over the course of this three-year-old case.

concluded that the breach of contract claim would also be barred for undue delay, reasoning that even if that claim were pled adequately, the factual and legal bases for it were available to Defendants since the initiation of this lawsuit over three years before the motion. In moving for reconsideration, Defendants, at most, express disagreement with the Court's finding regarding undue delay, and they altogether fail to indicate any matter overlooked by the Court in its holding that amendment would be futile. In sum, Defendants fail to demonstrate the Court's denial of leave to amend was based on a clear error of law or fact.

Defendants' second argument, concerning newly discovered evidence, retreads areas previously considered by the Court. Here, Defendants argue that the Court's conclusion regarding the futility of the proposed contract and covenant of good faith claims was based on an incomplete factual record. In particular, Defendants rely on information obtained in the Rule 30(b)(6) depositions of two corporate witnesses for Plaintiff, which took place in March 2021, on the day after the motion for leave to amend was filed. Defendants assert that the depositions revealed Plaintiff had changed fees arbitrarily and diverted customers from the Baymont facility operated by TBC, conduct which they contend supports a claim that the Franchise Agreement was breached and demonstrates that Plaintiff acted in bad faith. This "new evidence" argument misses the mark for two reasons. First, established Third Circuit law on reconsideration holds that newly discovered evidence "does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone*, 664 F.3d at 415-16 (3d Cir. 2011); *see also Summerville v. Gregory*, No. 14-7653, 2019 WL 5617516, at *1 (D.N.J. Oct. 31, 2019) ("Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration."). As Plaintiff notes in its

4

opposition, the deposition testimony Defendants now proffer was obtained almost four months before the Court issued its July 2021 ruling on the motion for leave to amend. Defendants had the opportunity to present the deposition testimony upon a supplemental submission but did not. Second, and perhaps more important, Defendants fail to cite any deposition testimony that would have bolstered, and indeed provided plausible factual grounds for, their breach of contract and breach of the covenant of good faith claims. In other words, they do not show that the purportedly new evidence "might have reasonably resulted in a different conclusion," the quintessential requirement to qualify for the limited remedy of reconsideration. *Bowers*, 130 F. Supp. 2d at 613; *see also Paredes v. Egg Harbor Twp. Bd. of Educ.*, No. 15-2929, 2018 WL 3930087, at *6 (D.N.J. Aug. 16, 2018) (holding that reconsideration is appropriate only when the prior decision failed to consider a factual or legal issue "that may alter the disposition of the matter."). In fact, it is not clear the information is new at all. In the July 2021 Order, the Court considered Defendants' allegations that fees imposed by the Franchise Agreement differed from pre-contractual discussions and their allegations that Plaintiff had impeded customers from making reservations at the TBC facility after Defendants fell behind on payments. It concluded the allegations, even if assumed to be true, failed to support plausible claims. "A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through – rightly or wrongly." *Summerville*, 2019 WL 5617516, at *1 (quoting *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

Finally, insofar as Defendants argue the July 2021 Order contravenes an earlier ruling in this case, it is unsupported by the record. On a previous motion by Defendants, for leave to file a Fourth Amended Answer, Counterclaim and Third-Party Complaint, a prior Magistrate Judge acknowledged Plaintiff's argument that leave should be denied because Defendants' proposed

claims were not viable but declined to engage in a futility analysis of the claims presented on that motion. (*See* June 17, 2020 Opinion and Order, at ECF No. 56.) That Magistrate Judge made no findings concerning the legal sufficiency of the proposed claims. Defendants, moreover, fail to explain how the analysis of a different proposed amended pleading would apply to the proposed Fifth Amended Answer, Counterclaim and Third-Party Complaint at issue in the underlying motion. Defendants' argument that this Court was bound to refrain from a futility analysis of the proposed amended claims based on the law of the case doctrine is simply misplaced. *See Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation.").

Defendants have failed to carry the high burden of demonstrating that the Court should reconsider its July 2021 Order.

**III.   ORDER**

Accordingly, for the foregoing reasons,

**IT IS** on this 24th day of September 2020,

**ORDERED** that Defendants' motion for reconsideration [ECF No. 96] is **DENIED**.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge