**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BAYMONT FRANCHISE SYSTEMS, INC.,

Plaintiff,

v.

THE BERNSTEIN COMPANY, LLC, *et al.*,

Defendants.

No. 18cv620 (EP) (AME)

**MEMORANDUM ORDER**

**PADIN**, **District Judge.**

In this breach-of-contract action arising from a Baymont hotel franchise, the Court granted summary judgment to Plaintiff/franchisor Baymont Franchise Systems, Inc. ("BFS") against Defendant/franchisee The Bernstein Company, LLC (the "LLC") and Defendant David B. Bernstein, the LLC's guarantor. D.E. 134. The Court held that the LLC breached its franchise agreement with BFS and that Bernstein was liable for the LLC's resulting obligations under his guaranty. *Id.*; *see also* D.E. 144 (denying reconsideration). Following those decisions, the Court determined that attorney's fees were warranted and partially granted Plaintiff's motion for attorney's fees. D.Es. 148 ("Previous Order") & 150 ("Final Judgment").[1]

In December 2025, the Third Circuit affirmed this Court's summary judgment ruling. D.Es. 151–52. Following that decision, the Court permitted Plaintiff to re-file a motion for an award of counsel fees to seek costs incurred since the March 9, 2023 summary-judgment order.

[1] The Court awarded BFS $294,096,37, which was comprised of: (1) $136,767.34 for outstanding recurring fees; (2) $49,634.82 for liquidated damages; (3) $2,993.00 for reimbursement costs; and (4) $104,701.21 for attorney's fees for legal services provided through October 2023. Final Judgment at 2.

D.E. 156 ("Order Implementing Judgment").[2] Presently before the Court is that motion. D.E. 157-1 ("Motion").[3] Defendants have not opposed the Motion. *See* Dkt.

Because the Motion combines fees already awarded and denied with later-incurred fees and costs, without identifying the latter as a discrete supplemental request or reconciling the requested total to the supporting records, the Court will **DENY** the Motion ***without prejudice***.

## I. LEGAL STANDARD

As explained in the Previous Order:

> To determine what constitutes reasonable attorney's fees, the Court must calculate a "lodestar," which represents the reasonable "number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Washington v. Phila. Cnty. Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996) (same); *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 2005 WL 1244923, at *2 (E.D. Pa. May 24, 2005) (same). Courts typically look to the prevailing market rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" to determine a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). And then courts have an "'affirmative function' to 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude' those which were not reasonably expended." *Shiffer Publ'g, Ltd.*, 2005 WL 1244923, at *8 (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).
>
> Regarding the number of hours reasonably expended, "a fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Washington*, 89 F.3d at 1037. "[C]omputer-generated summaries of time spent by each attorney and paralegal," if they provide "the date the activity took place," are sufficiently specific. *Id.* at 1038.

Previous Order at 1–2.

---

[2] The Court intended "re-file" in the Order Implementing Judgment to permit BFS to bring a supplemental fee motion after the appeal to seek costs incurred since the Previous Order; it did not vacate or reopen the Court's prior fee determination. The Final Judgment, which incorporated the $104,701.21 fee award, was affirmed on appeal. Even if BFS understood the Order Implementing Judgment differently, as explained in more depth below, it was required to identify the amounts already awarded and the amounts it sought for the first time.

[3] The Notice of Motion is filed at D.E. 157.

## II. DISCUSSION

### A. The Prior Fee Application and Award

BFS requested $117,301.21 in attorney's fees in its prior fee application. That request comprised a $12,600 fixed fee for all work performed from February 2018 through July 2020 and $104,701.21 in hourly fees incurred from August 2020 through October 2023. D.E. 145-2 ("Prior Couch Certification") ¶¶ 11–15; Previous Order at 2. Counsel explained that the fixed-fee arrangement covered, among other things, client consultations, document review, research, the drafting of the Complaint, service efforts, written discovery, and Bernstein's deposition. Prior Couch Certification ¶ 12. But counsel also represented that, because the arrangement was fixed, it had no itemized invoices or narrative time entries for that period. *Id.*

The Court granted the application in part. It awarded the $104,701.21 in hourly fees because the supporting billing records identified the work performed, the person who performed it, and the relevant dates. Previous Order at 3. The Court further found the hourly fees reasonable in light of the litigation's length, the discovery conducted, the motion practice that BFS had to defend, and BFS's success on summary judgment and reconsideration. *Id.*

In contrast, the Court denied the $12,600 fixed-fee request. Although a fee submission need not meet an unduly exacting standard, the Court explained that it must provide a basis to evaluate the request, such as a chronological list of tasks performed and time devoted to them by identified staff members. *Id.* at 2–3. The brief and general list of work performed during a two-and-a-half-year period did not supply that information. *Id.* at 3.

The Court later entered final judgment that included the $104,701.21 fee award. Final Judgment. After the Third Circuit affirmed, the Court permitted BFS to re-file a fee motion and seek costs incurred since the Court's March 9, 2023 Order. Order Implementing Judgment. That

direction did not disturb the Court's prior fee determination: the $104,701.21 award remained part of the affirmed judgment, and the $12,600 fixed-fee request remained denied. *See supra* n.2.

**B. The Current Motion**

The Motion does not identify a discrete supplemental request. Instead, BFS seeks a single aggregate amount of $191,382.09, consisting of $189,839.23 in attorney's fees and $1,542.86 in costs. D.E. 157-2 ("Current Couch Certification") ¶¶ 23, 27–28. The attorney-fee figure combines the $12,600 fixed-fee request that the Court previously denied with $177,239.23 in hourly fees, which BFS describes as its total fees incurred from August 2020 through January 2026. *Id.* ¶¶ 24–25 & n.2. Because BFS describes the $189,839.23 figure as the total hourly fees incurred from August 2020 through January 2026—a period encompassing the fees previously addressed and awarded—the Court understands the figure to include both the prior award and additional, later-incurred fees. *See* Previous Order at 3–4; Final Judgment.

That aggregate presentation prevents meaningful review. Neither the Motion nor the Current Couch Certification identifies the entries included in the $104,701.21 prior award, distinguishes those entries from the fees for which BFS now seeks recovery, or states the total BFS believes remains recoverable after accounting for the prior award and denial. The newly submitted invoices may support a supplemental request: they include work on the first fee application, the appeal, the rehearing petition and mandate, and the present application. *See* D.E. 157-3. BFS also seeks $1,542.86 in appellate costs. Current Couch Certification ¶ 27; D.E. 157-3 at 69–70. The Court expresses no view on whether any particular fee or cost is recoverable or reasonable because the Court cannot decide those questions until BFS clearly identifies the entries for which it seeks a new award and supplies a calculation limited to those entries.

Nor can the Court cure the Motion's defects by selecting a total for BFS. Subtracting the $104,701.21 prior award from the $177,239.23 cumulative hourly-fee figure produces $72,538.02.[4] Adding the claimed $1,542.86 in appellate costs produces $74,080.88 in newly sought fees. BFS, however, does not identify $74,080.88 as its requested supplemental award or represents that this calculation captures all and only its newly requested charges. The Court will not construct an award from assumptions about what BFS intended to request.

The Motion also renews the $12,600 fixed-fee request. The Court previously denied that request because BFS supplied only a general description of work performed from February 2018 through July 2020, not itemized invoices or narrative time entries from which the Court could assess reasonableness. Previous Order at 2–3. The present Motion does not remedy that deficiency. It still supplies no invoices, narrative time entries, dates of service, identification of the professionals who performed the work, or hours expended for the fixed-fee period. The Motion's added footnote, which generally identifies several filings and discovery tasks, does not supply that information. Mot. at 2 n.1; Current Couch Certification ¶ 24. BFS has therefore supplied no basis to revisit the fixed-fee request.

* * *

These defects preclude meaningful review under Local Civil Rule 54.2. The Motion combines amounts the Court has already awarded or denied with potentially new fees and costs, but never identifies the latter as a discrete, supported request. The Court will therefore **DENY** the Motion and afford BFS one final opportunity to file a corrected supplemental application. That

[4] Although not dispositive, the Court notes that in its calculation of the legal services charges reflected in records submitted since January 2024, the total amounts to $72,538.00—not $72,538.02. *See* D.E. 157-3 at 7–84. In a subsequent motion, BFS should confirm the exact amount requested.

application must include a reconciliation that clearly identifies the fees and costs that were not included in the prior fee application and for which BFS now seeks an award; separately identifies the fees previously sought and awarded or denied in the Previous Order; excludes amounts previously awarded or denied unless BFS establishes a proper basis to revisit the prior ruling; and reconciles the amount requested to the supporting billing records.

## III. CONCLUSION AND ORDER

**IT IS**, therefore, on this 30th day of July, 2026,

**ORDERED** that Plaintiff's Motion, D.E. 157, is **DENIED** ***without prejudice***; and it is further

**ORDERED** that, within **30 days** of this Order, BFS may file a renewed, supplemental motion for attorney's fees and costs. Any renewed motion shall include a reconciliation that identifies the fees and costs that were not included in the prior fee application and for which BFS now seeks an award; separately identifies each fee and cost previously sought in D.E. 145 and whether it was awarded or denied in the Previous Order; excludes the $104,701.21 previously awarded and the $12,600 fixed-fee request previously denied unless BFS establishes a proper basis to revisit the prior ruling; reconciles the total amount requested to the supporting records; and otherwise complies with Local Civil Rule 54.2; and it is further

**ORDERED** that Defendants may file any opposition within **14 days** of the filing of a renewed motion, and BFS may file a reply within **7 days** thereafter.

Evelyn Padin, U.S.D.J.